Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| JUAN C. MARTÍNEZ CRESPO<br><br>RECURRENTE<br><br>V.<br><br>INSTITUCIÓN CORRECCIONAL INSTITUCIÓN GUERRERO, AGUADILLA<br><br>RECURRIDA | KLRA202500137 | *Revisión Judicial* procedente del Departamento de Corrección y Rehabilitación<br><br>Resolución de Reconsideración: ICG-1118-2024<br><br>Sobre: Solicitud de servicio no le están brindando adecuadamente los servicios en el área de trabajo |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, y el Juez Rodríguez Flores.

Pagán Ocasio, juez ponente

# **RESOLUCIÓN**

En San Juan, Puerto Rico, a 21 de marzo de 2025.

## I.

El 6 de marzo de 2025, el señor Juan C. Martínez Crespo (señor Martínez Crespo o recurrente), quien se encuentra privado de la libertad, presentó un *Recurso de revisión* en el que recurrió de una *Resolución* emitida por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (DRA-DCR), fechada el 29 de enero de 2025. En la *Resolución,* la DRA-DCR confirmó una *Respuesta* del Departamento de Corrección y Rehabilitación (DCR) a una solicitud de remedio administrativo promovida por el señor Martínez Crespo tras un alegado incidente con un oficial correccional. La determinación de la DRA-DCR fue motivada por una solicitud de reconsideración que impulsó el recurrente ante su presunta insatisfacción con la *Respuesta.*

Junto al recurso, incluyó una *Solicitud y declaración para que se exima de pago de arancel por razón de indigencia* en la que solicitó

que le autorizáramos a litigar *in forma pauperis* porque, según informó en el formulario, no posee los medios económicos para sufragar los costos del litigio.

Se autoriza la litigación *in forma pauperis* y por derecho propio del recurrente.

Además, como cuestión de umbral, debemos mencionar que la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXIIB, R. 7(B)(5), nos confiere la facultad para prescindir de escritos, en cualquier caso, ante nuestra consideración, con el propósito de lograr su más justo y eficiente despacho. Dadas las particularidades de este caso, prescindimos de la comparecencia de la parte recurrida.

En el recurso, el señor Martínez Crespo narró que: (1) el 13 de octubre de 2024, mientras utilizaba el baño, se percató de que un oficial correccional lo observaba y se quejó porque se sintió acosado; (2) acto seguido, fue sometido a un registro que no produjo evidencia, no se le permitió trabajar y se le envió a otro módulo; (3) fue entrevistado por la oficial de cumplimiento con la *Ley federal contra la violación en las cárceles de 2003*, *Prison Rape Elimination Act of 2003*, Ley Púb. Núm. 108-79 de 4 de septiembre de 2003, 34 USCA secs. 30301-30309 (PREA); y (4) en represalia, fue despedido de su trabajo en la cocina de la institución correccional dos a tres días después, luego de que se alegara que su desempeño era pobre. No obstante, más allá de relatar estos alegados hechos, el recurrente no solicitó remedio alguno, ni hizo referencia a la determinación que impugna, ni arguyó cómo erró el foro recurrido. Asimismo, únicamente anejó una *Resolución* en la que la DRA-DCR atendió una solicitud de reconsideración radicada por el recurrente para cuestionar una respuesta del DCR a una solicitud de remedio administrativo en reclamo por los hechos narrados. En la *Resolución*, la DRA-DCR consignó que: (1) el 17 de noviembre de

2024, el recurrente radicó un escrito de solicitud de remedio administrativo sobre el alegado incidente; (2) el recurrente fue entrevistado sobre el suceso y se le tomó una declaración, la cual forma parte del expediente administrativo; (3) se determinó que no se constituyeron los elementos necesarios para activar el protocolo establecido por la PREA; (4) el 1 de noviembre de 2024, al recurrente se le entregó la *Respuesta* a su solicitud de remedio administrativo; y (5) el 18 de noviembre de 2024, el recurrente presentó una solicitud de reconsideración para cuestionar la *Respuesta.* Sin embargo, el recurrente no incluyó junto al presente recurso el escrito de solicitud de remedio administrativo, ni la declaración tomada al recurrente, ni la *Respuesta* a la solicitud de remedio administrativo, ni la solicitud de reconsideración.

Ante dichos defectos, no estamos en posición para evaluar los méritos del caso. Adelantamos que el recurso incumple sustancialmente con los requisitos de contenido de la Regla 59 del Reglamento del Tribunal de Apelaciones, *supra*, R. 59, necesarios para considerarlo y, por ello, procede su desestimación.

**II.**

**A.**

La jurisdicción ha sido definida como "el poder o autoridad de un tribunal para considerar y decidir casos y controversias". ***Shell v. Srio. Hacienda,*** 187 DPR 109, 122 (2012). Reiteradamente, nuestro Tribunal Supremo ha expresado que los tribunales tienen siempre la obligación de ser celosos guardianes de su propia jurisdicción, toda vez que sin jurisdicción no están autorizados a entrar a resolver los méritos de un recurso. Íd., págs. 122-123. En consecuencia, los asuntos de jurisdicción son materia privilegiada y deben ser resueltos con preferencia. ***Fuentes Bonilla v. ELA,*** 200 DPR 364, 372 (2018). Así, cuando un tribunal no tiene autoridad para atender el recurso, solo tiene jurisdicción para así

declararlo y desestimar el caso sin entrar en los méritos de la controversia. ***Mun. de San Sebastián v. QMC Telecom,*** 190 DPR 652, 660 (2014).

Entre las razones que privan a los tribunales de asumir jurisdicción sobre un asunto, resalta el incumplimiento por la parte promovente con las reglas referentes al perfeccionamiento del recurso. Ante un incumplimiento de este tipo, el derecho procesal apelativo autoriza que se desestime un recurso. ***Arriaga v. F.S.E.***, 145 DPR 122, 129-130 (1998). El cumplimiento con el Reglamento del Tribunal de Apelaciones, *supra*, no puede soslayarse injustificadamente. Íd., pág. 130.

Ahora bien, la omisión de un documento no debe acarrear automáticamente la desestimación del recurso, sino que debe obligar a los tribunales a analizar la naturaleza del documento o folio omitido y su importancia para la consideración del recurso. H. Sánchez Martínez, <u>Derecho Procesal Apelativo, Puerto Rico</u>, Ed. Lexis Nexis de Puerto Rico, Inc., 2001, pág. 333. Para los foros apelativos, el apéndice equivale al expediente judicial del tribunal de instancia y mediante este, descansan para descargar sus responsabilidades y prerrogativas. Íd., pág. 314. Por tal razón, "[u]na decisión judicial tomada a base de un expediente incompleto es siempre portadora del germen latente de la incorrección". Íd.

A su vez, cabe destacar también que las partes que comparecen por derecho propio no están exentas del cumplimiento de estas normas, puesto que el carácter de su comparecencia, por sí sola, no justifica el incumplimiento con las reglas procesales. ***Febles v. Romar***, 159 DPR 714, 722 (2003).

**B.**

La Regla 59 del Reglamento del Tribunal de Apelaciones, *supra*, ordena los requisitos de contenido del escrito de revisión judicial. En su inciso (C)(1), dicha Regla establece que todo recurso

contendrá: (1) **una referencia a la decisión, reglamento o providencia administrativa cuya revisión se solicita** e incluirá, entre otras cosas, el nombre y el número del caso administrativo, el organismo, la agencia o funcionario que la dictó, **la fecha en que fue dictada y la fecha en que se notificó a las partes**; (2) **una referencia a cualquier moción, resolución u orden que haya interrumpido** y reanudado el término para solicitar revisión; (3) **una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso**; (4) **un señalamiento breve y conciso de los errores que cometió el organismo o funcionario recurrido**; (5) **una discusión de esos errores señalados**, haciendo referencia a leyes y jurisprudencia aplicables; y (6) **una súplica**.

Además, el inciso (E) de la referida Regla, establece que el recurso contendrá un apéndice compuesto de, entre otros, una copia literal de: (1) las alegaciones de las partes ante la agencia, a saber, **la solicitud original**, la querella o apelación **y las contestaciones a las anteriores hechas por las demás partes**; (2) **la orden, resolución o providencia administrativa cuya revisión se solicita**; (3) **toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para solicitar revisión**; (4) toda resolución u orden, moción o escrito que forme parte del expediente original administrativo y en los que se discuta expresamente cualquier asunto planteado en el recurso de revisión; y (5) cualquier otro documento que forme parte del expediente original en la agencia y que pueda ser útil en la resolución de la controversia.

Por último, la Regla 83(C) del Reglamento del Tribunal de Apelaciones, *supra*, R. 83(C), también faculta a esta Curia a, por iniciativa propia, desestimar un recurso por diversos motivos, entre ellos: (1) **porque el Tribunal de Apelaciones carece de jurisdicción**; (2) porque fue presentado fuera del término de

cumplimiento estricto dispuesto sin que exista justa causa; y (3) porque no se ha presentado o proseguido con diligencia o de buena fe. Entretanto, la Regla 83(D) del Reglamento del Tribunal de Apelaciones, *supra*, R. 83(D), requiere que las resoluciones que emita el Tribunal bajo dicha regla sean fundamentadas.

**III.**

En el presente recurso, el señor Martínez Crespo parece cuestionar una *Resolución* emitida por la DRA-DCR en la que confirmó una *Respuesta* del DCR a una solicitud de remedio administrativo, motivada por un alegado incidente con un oficial correccional. No obstante, el recurrente incumplió crasamente con las Reglas 59(C)(1) y (E) del Reglamento del Tribunal de Apelaciones, *supra.*

En primer orden, no hizo referencia a la decisión administrativa que interesa que revisemos, ni la fecha en la que fue dictada, ni la fecha en que fue archivada. Tampoco realizó un relato fiel y conciso de los hechos procesales y los hechos importantes y pertinentes del caso. Únicamente mencionó dispersamente los hechos constitutivos de su solicitud de remedio administrativo sin plasmar el trámite procesal ante el foro recurrido, cuya inclusión es requerida por las reglas de esta Curia y necesaria para la más cabal y eficiente atención de recurso. De la misma manera, no señaló ni discutió error alguno que entendiera que cometió el DCR o la DRA-DCR al atender el caso. Asimismo, su escrito no contó con una súplica del remedio que solicita ante esta Curia. Más aún, esa parte del recurso se dejó en blanco. De esta forma, no resulta posible atender los méritos de su impugnación porque desconocemos con precisión el dictamen sujeto a revisión, los hechos que motivaron su emisión, el alegado error en que incidió el foro recurrido y el remedio que se pretende.

En segundo orden, el recurrente no incluyó una copia literal de la solicitud de remedio administrativo, su solicitud original ante la agencia; ni de las posiciones de cada parte esbozadas ante ella; ni de la providencia administrativa objeto de revisión; ni de la moción de reconsideración para acreditar la interrupción del término para acudir ante esta Curia. También, omitió someter la declaración que se le tomó, la cual forma parte del expediente administrativo. Únicamente anejó la *Resolución* en la que se atendió su reconsideración. Todo ello resulta en un recurso que presenta un panorama gravemente incompleto del trámite procesal.

Ante estas omisiones, tras un análisis objetivo, sereno y cuidadoso del expediente, en correcta práctica adjudicativa apelativa, corresponde desestimar el recurso por falta de jurisdicción. A la luz del craso incumplimiento del señor Martínez Crespo con las reglas procesales aplicables, resulta evidente que no nos colocó en posición de auscultar nuestra jurisdicción sobre el asunto planteado y de evaluar los méritos de sus alegaciones. Y es que no es posible identificar la determinación administrativa cuya revisión se pretende, ni las razones que auspiciarían su revocación.

**IV.**

Por los fundamentos pormenorizados, se *desestima* el recurso de revisión judicial por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones. El Juez Sánchez Ramos está conforme y añade, además, que la desestimación procede porque la determinación recurrida no está sujeta a revisión judicial por este Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones